**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT MONROE, | ) | CASE NO. 1:26-cv-1733 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| UNIFUND CCR, LLC, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. INTRODUCTION

*Pro se* Plaintiff Scott Monroe has filed a complaint against Unifund CCR, LLC ("Unifund") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. §§ 1692d and 1692j. This case stems from an action Unifund previously filed against Plaintiff in the Ashtabula Municipal Court. For the reasons discussed below, this action is hereby **ADMINISTRAVIELY CLOSED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2026, Unifund filed a civil complaint against Plaintiff in the Ashtabula Municipal Court. (ECF No. 1-2); *see* Compl., *Unifund CCR LLC v. Monroe*, No. 26CVF00061 (Ashtabula Mun. Ct. Jan. 20, 2026). Unifund's complaint alleges that: (i) Plaintiff entered into an agreement with First National Bank of Omaha for an extension of credit for $1,516.50; (ii) Plaintiff breached that agreement by failing to repay the outstanding debt; and (iii) First National Bank of Omaha assigned that debt to Unifund. (ECF No. 1-2, PageID #6–7). The state court case had pre-trial scheduled for July 27, 2026, (ECF No. 1-5), and is currently set for trial on January 4, 2027, *see* Docket Entry, *Unifund CCR LLC v. Monroe*, No. 26CVF00061 (Ashtabula Mun. Ct. July 28, 2026).

On July 24, 2026, Plaintiff initiated this case in the Northern District of Ohio. (ECF No. 1). Plaintiff's complaint alleges that the assignment of the debt from First National Bank of Omaha to Unifund is invalid and asserts that Unifund's attempt to collect the debt in the case before the Ashtabula Municipal Court violates the FDCPA. (*Id.* at PageID #1). The complaint requests that the Court "find in [his] favor . . . and fine [Unifund] $200,000.00." (*Id.* at PageID #2).

**III. DISCUSSION**

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).

The comity-based abstention doctrine developed in the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971) prevents federal courts from interfering in pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance "where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. The *Younger* abstention doctrine reflects the strong federal policy against federal interference with state judicial proceedings and promotes the presumption that state courts are equally competent at safeguarding federal constitutional rights. *Id*. *Younger* abstention is not

a question of jurisdiction, rather it is based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 626 (1986). The *Younger* abstention doctrine may be raised *sua sponte* by a federal court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

When a person is the target of an ongoing state action involving important state interests, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *See Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Off.*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interfere[s] with the legitimate activities of the State[]." *Younger*, 401 U.S. at 44.

All three factors favoring abstention are present here. First, Plaintiff is the defendant in a pending state court action that was filed seven months before this case and which is still pending with a trial set for January 2027. *See* Docket Entry, *Unifund CCR LLC v. Monroe*, No. 26CVF00061 (Ashtabula Mun. Ct. July 28, 2026). Second, the state court proceedings implicate important state interests. Plaintiff is challenging the validity of the assignment of the debt to Unifund and its standing to collect the debt under his contract with First National Bank of Omaha.

He is asserting that the state court action itself violates the Fair Debt Collection Practices Act. Any decision by this Court would unduly interfere with the state court proceedings.

The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford Plaintiff an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co*., 481 U.S. at 14. He has not alleged facts to suggest that he cannot raise his challenges to the assignment of the debt, or his claims that their filing of the state court action itself violates the Fair Debt Collection Practices Act. Thus, the requirements of *Younger* are met, and the Court must abstain from hearing this case while the state court case is pending.

## IV. CONCLUSION

For the foregoing reasons, this case is **STAYED** pending final resolution of *Unifund CCR LLC v. Monroe*, No. 26CVF00061 (Ashtabula Mun. Ct.). This case is **ADMINISTRATIVELY CLOSED**, subject to reopening if Plaintiff timely files a motion to reopen which demonstrates that the state court case has reached finality, meaning resolution by settlement or exhaustion of all appeals. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 26, 2026

Charles Fleming

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**